**Donald A. Robinson**
**ROBINSON & LIVELLI**
**Two Penn Plaza East**
**Newark, New Jersey 07105**
**(973) 690-5400**
drobinson@robinsonlivelli.com
*Attorneys for Plaintiff,*
*Rutgers, The State University of New Jersey*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Rutgers, The State University of New Jersey,** | ) |
| | ) |
| Plaintiff, | ) *Document Electronically Filed* |
| | ) |
| v. | ) |
| | ) Civil Action No.: |
| | ) |
| **OnStar Corporation, a Delaware Corporation,** | ) **(Jury Trial Demanded)** |
| | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiff, Rutgers, The State University of New Jersey ("Rutgers"), for its complaint of patent infringement against Defendant, OnStar Corporation ("OnStar"), hereby alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Rutgers is a public university organized and existing under the laws of the State of New Jersey, with a principal place of business at 542 George Street, New Brunswick, New Jersey 08901.

2. OnStar is a corporation organized under the laws of Delaware, with a principal place of business at 400 Renaissance Center, Detroit, Michigan 48265.

3. Upon information and belief, OnStar is, and has been, engaged in substantial and continuous business activities in this Judicial District.

4.  This Complaint arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*). Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I – PATENT INFRINGEMENT

6.  Rutgers repeats and realleges paragraphs 1-5, *supra,* as if fully set forth herein.

7.  Rutgers is the owner by assignment of U.S. Patent No. 6,240,448, entitled *Method and System for Audio Access to Information in a Wide Area Computer Network* ("the '448 patent") (Exhibit A).

8.  OnStar, has made, used, sold or offered to sell a system , and has sold and offered to sell a service that infringes each of the elements of one or more claims of the '448 patent in this Judicial District and elsewhere throughout the United States.

9.  By making, using, selling, and/or offering to sell its system and/or service, OnStar has directly and indirectly infringed, and will continue to infringe directly and indirectly, one or more claims of the '448 patent under 35 U.S.C. § 271(a)-(c).

10. The afore-referenced infringement by OnStar is literal and/or under the doctrine of equivalents.

11. Upon information and belief, the afore-referenced infringement has been and continues to be willful.

12. OnStar's continued infringing acts will cause continued damage to Rutgers in an amount to be proven in trial.

13. OnStar's continued acts of infringement will further cause immediate and irreparable harm to Rutgers for which there is no adequate remedy at law, and for which Rutgers is entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Rutgers respectfully requests an entry of judgment from this Court:

A) Declaring that OnStar has directly infringed, contributorily infringed, and/or induced infringement under one or more claims of the '448 patent and continues to infringe, the '448 Patent under 35 U.S.C. § § 271(a), (b) & (c);

B) Declaring that OnStar has willfully infringed, and continues to willfully infringe, the '448 patent;

C) Preliminarily and permanently enjoining OnStar, and persons acting in concert therewith, from further infringement of the '448 Patent;

D) Awarding Rutgers adequate monetary damages consistent with 35 U.S.C. § 284 to compensate Rutgers for OnStar's past and continuing infringement, together with costs and prejudgment interest, but in no event less than a reasonable royalty;

E) Awarding Rutgers enhanced monetary damages pursuant to 35 U.S.C. § 284 as a result of OnStar's willful infringement;

F) Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and awarding Rutgers reasonable attorneys' fees, expenses and costs; and

G) Awarding Rutgers any additional relief that the Court determines to be appropriate.

3

                            Respectfully submitted,

Date: August 31, 2006                  ROBINSON & LIVELLI

                                    By: *s/Donald A. Robinson*
                                    Donald A. Robinson (DR/8000)
                                    Two Penn Plaza East, Suite 1100
                                    Newark, New Jersey 07105
                                    (973) 690-5400
                                    drobinson@robinsonlivelli.com

                                    *Attorneys for Plaintiff Rutgers, The State*
Of Counsel:                          *University of New Jersey*

Rolf O. Stadheim
Joseph A. Grear
George C. Summerfield
Keith A. Vogt
Stadheim & Grear, Ltd.
400 North Michigan Avenue, #2200
Chicago, Illinois 60611
Telephone: (312) 755-4400

5

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, Rutgers, demands a jury trial of all issues properly triable to a jury in this case.

Date:  August 31, 2006                    ROBINSON & LIVELLI

By:  *s/Donald A. Robinson*
Donald A. Robinson (DR/8000)
Two Penn Plaza East, Suite 1100
Newark, New Jersey 07105
(973) 690-5400
drobinson@robinsonlivelli.com

CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:  August 31, 2006         ROBINSON & LIVELLI

                               By:  *s/Donald A. Robinson*
                               Donald A. Robinson (DR/8000)
                               Two Penn Plaza East, Suite 1100
                               Newark, New Jersey 07105
                               (973) 690-5400
                               drobinson@robinsonlivelli.com